UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD SCHALL, #240234,

        Plaintiff,

v.

        CASE NO. 2:20-CV-12972
        HON. GEORGE CARAM STEEH

SERGEANT DAWSON, et al.,

        Defendants.
_____/

## OPINION AND ORDER DISMISSING IN PART THE COMPLAINT AND DIRECTING SERVICE UPON THE REMAINING DEFENDANTS

### I. INTRODUCTION

This is a *pro se* civil rights case brought pursuant to 42 U.S.C. § 1983. Michigan prisoner Richard Schall ("plaintiff"), currently confined at the Chippewa Correctional Facility in Kincheloe, Michigan, asserts that he was assaulted by a fellow inmate and denied access to medical care while confined at the Tuscola County Jail in Caro, Michigan in 2019. The plaintiff names Sergeant Dawson, Doctor Natole, Deputies Neuville, Brandon Smithhart, Brittany Glumm, and Ted Hull, and fellow inmate Christopher Senior as the defendants in this action and sues them in their official and

individual capacities. The plaintiff seeks injunctive relief and monetary damages. The Court has granted the plaintiff leave to proceed without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1).

## II. LEGAL STANDARDS

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil

Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. Twombly, 550 U.S. at 555. Federal Rule of Civil Procedure 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. Flagg

Bros. v. Brooks, 436 U.S. 149, 155-57 (1978); Harris v. Circleville, 583 F.3d 356, 364 (6th Cir. 2009). Additionally, a plaintiff must allege facts to show that the deprivation of rights was intentional. Davidson v. Cannon, 474 U.S. 344, 348 (1986); Daniels v. Williams, 474 U.S. 327, 333-36 (1986).

### III. DISCUSSION

#### A. Claims against Christopher Senior

As an initial matter, the Court finds that the plaintiff's claims against defendant Christopher Senior, a fellow inmate at the jail, must be dismissed because he is a private individual, not a state actor subject to suit under 42 U.S.C. § 1983. See American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (stating that "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful"); Rudd v. City of North Shores, Mich., _ F.3d _, 2020 WL 5905062, *5 (6th Cir. Oct. 6, 2020) (citing American); Tahfs v. Proctor, 316 F.3d 584, 591 (6th Cir. 2003) (a plaintiff may not generally proceed under § 1983 against a private party).

A private individual is not liable for alleged civil rights violations under § 1983 unless his or her conduct is "fairly attributable" to the State, such as where the State provides "significant encouragement" for the disputed

conduct or the actor is a "willful participant in joint activity with the State or its agents." Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n, 531 U.S. 288, 296 (2001) (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 941 (1982)). Absent such a showing, inmates do not act "under color of any state statute, ordinance, regulation, custom, or usage" as required to be liable under § 1983. Nobles v. Brown, 985 F.2d 235, 238 (6th Cir. 1992). In this case, the plaintiff does not allege that defendant Senior acted at the behest of, or in concert with, any state officials. Defendant Senior, a private individual, is thus not subject to suit under § 1983 and any claims against him must dismissed.

### B. Claims against Sergeant Dawson and Dr. Natole

Secondly, the Court finds that the plaintiff fails to state claims against defendants Sergeant Dawson and Dr. Natole in his complaint. It is well-settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under § 1983 and that liability cannot be based upon a theory of respondeat superior or vicarious liability. Monell v. Department of Social Svs., 436 U.S. 658, 691-92 (1978); Turner v. City of Taylor, 412 F.3d 629, 643) (6th Cir. 2005) (plaintiff must allege facts showing that defendant participated, condoned, encouraged, or knowingly

acquiesced in alleged misconduct to establish liability). In this case, the plaintiff lists Dawson and Natole as defendants, but does not make any specific allegations against them. His only reference to defendant Dawson is that he is a sergeant of the Tuscola County Jail and is "legally responsible for the safety movement of prisoners." ECF No. 1, PageID.1. His only references to Dr. Natole are that he is an "on-call doctor" who is "legally responsible for the providing health care services to all prisoners" at the jail, id., and that "a document was fabricated claiming [plaintiff] saw Dr. Natole which never occurred." Id. at PageID.2. The plaintiff does not explain what, if anything, these defendants did or did not personally do or otherwise allege facts to show that they engaged in unconstitutional conduct. Conclusory allegations are insufficient to state a civil rights claim under § 1983. Crawford-El v. Britton, 523 U.S. 574, 588 (1998); Lanier v. Bryant, 332 F.3d 999, 1007 (6th Cir. 2003); see also Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555-57. The plaintiff thus fails to state claims against defendants Dawson and Natole in his complaint.

### C. Claims against Deputies Neuville, Smithhart, Glumm, & Hull

Lastly, the Court finds that the complaint is not subject to summary dismissal as to the claims against Deputies Neuville, Smithhart, Glumm,

and Hull. In his complaint, the plaintiff alleges that he was assaulted by fellow inmate Christopher Senior on February 11, 2019, suffered a broken jaw, and requested medical attention, "but was denied by every one of the deputies herein mentioned in [the] complaint." ECF No. 1, PageID.2. He further alleges that he asked for a grievance form numerous times, "but was denied by every one of the deputies herein mentioned in [the] complaint" and that he attempted to file a grievance on February 11, 12, 13, 2019, but "was denied access to grievance forms." Id. Such allegations are sufficient to state plausible claims against the defendant deputies under the Eighth and First Amendments. Consequently, the claims against defendants Deputies Neuville, Smithhart, Glumm, and Hull survive the Court's preliminary screening process and are not subject to dismissal at this time.

## IV. CONCLUSION

For the reasons stated, the Court concludes that the plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 against defendants Senior, Dawson, and Natole. Accordingly, the Court **DISMISSES** those defendants and the claims against them.

The Court further concludes that the plaintiff states potential claims

for relief against the remaining defendants such that those claims and defendants are not subject to summary dismissal. Accordingly, the Court **DIRECTS** that a copy of the complaint and a copy of this order be served upon defendants Neuville, Smithhart, Glumm, and Hull by the United States Marshal without prepayment of costs.

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith. See 28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated: January 7, 2021

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 7, 2021, by electronic and/or ordinary mail and also on Richard Schall #249234, Chippewa Correctional Facility. 4269 W. M-80, Kincheloe, MI 49784.

s/Brianna Sauve
Deputy Clerk