UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RICHARD SCHALL,<br><br>    Plaintiff,<br><br>v.<br><br>NEUVILL, *et al.*,<br><br>    Defendants. | Case No. 20-cv-12972<br>Honorable Shanila D. Kumar<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO GRANT DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT [ECF NO. 20]**

### I.   Introduction

Plaintiff Richard Schall, a prisoner proceeding pro se and in forma pauperis, sues Deputy Cody Neuville, Deputy Brittany Glumm, Brandon Smitthart, and Lieutenant Ted Hull, alleging violations of his constitutional rights while he was a pretrial detainee in Tuscola County Jail.  ECF No. 1.  The Honorable Shanila D. Kumar referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 29.

Defendants move for summary judgment, and briefing is complete. ECF No. 20; ECF No. 26; ECF No. 27.  For the reasons below, the Court recommends that defendants' motion be granted.

## II.     Background

Schall makes these factual claims in his complaint:

> 12.     On 2-11-2019 at approximately 12:16 AM I was seriously assaulted by Defendant Christopher Senior which resulted in a broken jaw.
> 13.     On 2-11-2019 at approximately 12:27 AM I requested medical attention to Brandon Smitthart a deputy at Tuscola County Jail.
> 14.     On 2-11-2019 at approximately 12:45 AM a document was fabricated claiming I saw Dr. Natole which never occurred.
> 15.     On 2-11-2019 at approximately 1:08 AM Deputy Brittany Glumm interviewed me on incident to no avail.
> 16.     On 2-14-2019 at approximately 11:25 PM Deputy Brandon Smitthart interviewed me on incident to no avail.
> 17.     I asked numerous times for a grievance form but was denied by every one of deputies herein mentioned in complaint.
> 18.     I requested medical attention but was denied by deputies herein mentioned in complaint.
> …
> 21.     The unsafe conditions violated Plaintiff Richard Schall #249234 rights and constituted cruel and unusual punishment under the Eighth Constitutional Amendment to the United States Constitution.

ECF No. 1, PageID.2.[1]  Schall seeks damages for "pain and suffering," claiming that defendants denied him medical attention and treatment. *Id.*, PageID.2-3.

In their motion for summary judgment, defendants provide evidence—including an incident report, a telephone triage record, inmate release information, and several signed affidavits—showing details of the

---

[1] Defendants Christopher Senior and Dr. Natole were dismissed from the case in January 2021.  ECF No. 9.

incident.  ECF No. 20-4; ECF No. 20-6; ECF No. 20-8; ECF No. 20-9; ECF No. 20-10; ECF No. 20-13; ECF No. 24-1.  That evidence shows that, once Schall called for medical assistance, officers "removed Plaintiff from his cell and brought him to a medical room."  ECF No. 20-4, PageID.145; ECF No. 24-1, PageID.223.  Glumm then interviewed Schall about the assault and took photos of his injury.  ECF No. 20-10, PageID.166.  Another officer "called the on-call jail doctor, Dr. Natole, regarding how to proceed."  ECF No. 24-1, PageID.223; *see also* ECF No. 20-4, PageID.145.  The doctor advised that the officers should give Schall Tylenol and that there was "nothing that an Emergency Room could do for [Schall] at that time of night" because he would need to consult a dental surgeon.  ECF No. 24-1, PageID.223; ECF No. 20-8, PageID.159; ECF No. 20-6, PageID.152-153.  The officers gave Schall ice and Tylenol for his jaw.  ECF No. 20-4, PageID.145; ECF No. 20-6, PageID.153; ECF No. 20-10, PageID.166.

The corrections officers also "emailed [Schall's] parole agent regarding the incident so that he could be released as soon as possible." ECF No. 24-1, PageID.223; ECF No. 20-9, PageID.162; ECF No. 20-10, PageID.166-167.  Schall was "held in an observation cell that night so his condition could be monitored," and he was released from jail about 12 hours after the incident.  ECF No. 24-1, PageID.223; ECF No. 20-13,

3

PageID.174. Three days later, officers followed up with Schall at the hospital about the assault complaint and learned that Schall "had undergone surgery to repair a broken jaw." ECF No. 20-9, PageID.162; ECF No. 20-10, PageID.167.

Schall does not dispute these facts. ECF No. 26.

### III. Analysis

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court's function at the summary judgment stage "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion and must specify the portions of the record that show the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant satisfies this burden, the burden shifts to the non-moving party to go beyond the pleadings and set forth specific facts showing a genuine issue for trial. *Id*. at 324. The Court must view the factual evidence in the light

most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The opposing party "may not rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact but must make an affirmative showing with proper evidence in order to defeat the motion." *Alexander v. Caresource*, 576 F.3d 551, 558 (6th Cir. 2009) (internal quotation marks and citations omitted). "The failure to present any evidence to counter a well-supported motion for summary judgment alone is grounds for granting the motion." *Id*. (citations omitted). "Conclusory statements unadorned with supporting facts are insufficient to establish a factual dispute that will defeat summary judgment." *Id.* at 560 (citations omitted).

Defendants argue that Schall failed to exhaust his administrative remedies against them, that Hull should be dismissed because was not present during the alleged incident, that Schall's deliberate indifference claim fails, and that defendants enjoy qualified immunity. ECF No. 20. There is no dispute that Schall did not exhaust his administrative remedies, but he claims in his complaint that defendants denied him access to grievance forms. ECF No. 1, PageID.2. Schall would not need to exhaust his administrative remedies if defendants did deny him access to the

5

grievance process. *Hawkins v. Northwood*, No. 1:10-cv-432, 2010 WL 3398793, at *10 (W.D. Mich. Aug. 25, 2010).

But resolving the exhaustion issue is unnecessary because Schall cannot sustain his claims of deliberate indifference. Defendants correctly note that Schall's deliberate indifference claims fall under the Fourteenth Amendment's Due Process Clause—not the Eighth Amendment—because he is a pretrial detainee. *City of Revere v. Mass. General Hosp.*, 463 U.S. 239 (1983). But Schall's Fourteenth Amendment claim must be evaluated within the framework established for Eighth Amendment cases. *Miller v. Calhoun Cty.*, 408 F.3d 803, 812 (6th Cir. 2005).

Under that framework, an official's "deliberate indifference" to an inmate's serious medical needs constitutes "unnecessary and wanton infliction of pain" and is actionable under Section 1983. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To succeed on a deliberate indifference claim, a plaintiff who has received treatment for his condition "must present enough evidence for a factfinder to evaluate the adequacy of the treatment provided and the severity of the harm caused by the allegedly inadequate treatment." *Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018). The plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of the inadequate treatment." *Id.* (citation and

quotation marks omitted).  The plaintiff's "desire for additional or different treatment" is not enough.  *Anthony v. Swanson*, 701 F. App'x 460, 464 (6th Cir. 2017).

Schall provides no evidence—much less verifying medical evidence—to show that he received constitutionally inadequate treatment.  In response to defendants' motion, he offers nothing but his arguments that officers delayed his treatment and thus caused him "significant pain and damage."  ECF No. 26, PageID.230.  And Schall does not dispute that the officers promptly consulted the on-call doctor, that they followed the doctor's instruction to give him Tylenol, and that they also gave him ice. ECF No. 26; ECF No. 20-4, PageID.145; ECF No. 20-6, PageID.153; ECF No. 20-10, PageID.166.  With the evidence that Schall received treatment as directed by the doctor, this Court cannot second guess whether the treatment was adequate.  *Clark v. Corr. Corp. of Am.*, 98 F. App'x 413, 416 (6th Cir. 2004) (citations omitted).

Schall thus cannot sustain his claims that defendants were deliberately indifferent in violation of the Constitution.  And as a result, defendants are entitled to qualified immunity.  *Estate of Carter v. City of Detroit*, 408 F.3d 305, 310-11 (6th Cir. 2005) (qualified immunity applies

when, viewing the evidence in a light most favorable to the plaintiff, the defendant did not violate a clearly established constitutional right).

IV. Conclusion

The Court recommends that defendants' motion for summary judgment, **ECF No. 20**, be **GRANTED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: March 11, 2022

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of

objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 11, 2022.

s/Marlena Williams<br>
MARLENA WILLIAMS<br>
Case Manager